UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KEVIN SULLIVAN                                                                PETITIONER
#26567

V.                                    No. 3:22-CV-244-DPM-JTR

DOE                                                                           RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.   Introduction

On September 20, 2022, Petitioner Kevin Sullivan ("Mr. Sullivan") filed a "Motion for Release" with this Court. *Doc. 1*. In the two-page document, Mr. Sullivan alleged he was a pretrial detainee being held in the Greene County Detention Center and requested "compassionate release on Personal Recognizance."

*Id.* Accordingly, the Clerk's office docketed the letter as a Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241.[1]

Since that time, Mr. Sullivan has filed three additional habeas Petitions—all addressing his March 14, 2022 arrest and resulting state parole and criminal proceedings. *Docs. 2, 4–5*. The Court will construe the four documents (*Docs. 1–2, 4–5*), together, as constituting Mr. Sullivan's § 2241 Petition.[2]

As set forth below, Mr. Sullivan's habeas Petition is moot and the Court recommends it be dismissed, without prejudice.

## II.   Discussion

On March 14, 2022, Mr. Sullivan was arrested for possession of drug paraphernalia. Criminal Information, *State of Arkansas v. Kevin James Sullivan*, No. 28CR-22-498 (Greene Co., Ark., June 30, 2022).[3] Because of Mr. Sullivan's status

---

[1] State pretrial detainees cannot bring habeas petitions under § 2254 because they are not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). They may, however, bring a petition under § 2241 based on allegations that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

[2] *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Rule 12, Rules Governing § 2254 Cases in the United States District Courts (applying Federal Rules of Civil Procedure to habeas proceedings); *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) ("Pro se habeas petitions should be liberally construed."); *Kiir v. N.D. Pub. Health,* 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

[3] Arkansas state court records are publicly available on the Arkansas Judiciary's website: caseinfo.arcourts.gov (last visited October 27, 2022).

as a state parolee, both parole violation proceedings and a state criminal action were initiated against him.

On June 14, 2022, Mr. Sullivan successfully had the parole violation proceedings against him dropped. *Doc. 4 at 4, 8*. However, his state criminal proceedings remained pending, and Mr. Sullivan remained incarcerated. *Id.*

On September 20, 2022, Mr. Sullivan filed the pending habeas Petition alleging that he was being detained based on his parole officer's "illegal search and seizure." *Doc. 1 at 1*. He asked to be released from incarceration and have the state charges removed from his "record." *Doc. 2 at 8; Doc. 4 at 8*. He also filed a request for a "fast and speedy trial." *Doc. 3*.

Mr. Sullivan's § 2241 Petition brought on the basis of his *pretrial detention* is moot because he is no longer being detained. On October 3, 2022, Mr. Sullivan pleaded guilty in his state criminal case to one count of possessing drug paraphernalia. Sentencing Order, *State v. Sullivan*, No. 28CR-22-498 (Greene Co., Ark., Oct. 3, 2022). He was sentenced to sixty months of probation and was released from the Greene County Detention Center. *Id.*; *see also Doc. 7* (Notice of Change of Address). Thus, Mr. Sullivan's requests for release and a "fast and speedy trial" are

3

moot. His challenge to the drug paraphernalia possession *charge* is also moot because he has now been convicted of that crime.[4]

Accordingly, Mr. Sullivan's § 2241 Petition should be dismissed, as moot. Rule 4, Rules Governing Section 2254 Cases in the United States District Court ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."); § 2254 Rule 1(b) (permitting district courts to apply the § 2254 rules to other habeas actions); *see also* 28 U.S.C. § 2243.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   All claims asserted in Petitioner Kevin Sullivan's 28 U.S.C. § 2241 Petition (*Docs. 1–2, 4–5*) be DENIED, as moot;

2.   Mr. Sullivan's Motion for Speedy Trial (*Doc. 3*) be DENIED, as moot; and

3.   This case be DISMISSED, without prejudice.

---

[4] If Mr. Sullivan seeks to have his possession of drug paraphernalia *conviction* overturned, he may only bring that claim in federal court through a § 2254 Petition after exhausting his state administrative remedies. See 28 U.S.C. § 2254(b)(1).

Moreover, if Mr. Sullivan sought to assert a viable habeas claim based on the alleged illegal search and seizure, he would also have to show he was not afforded "an opportunity for full and fair litigation of [his] Fourth Amendment claim" in state court. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Willett v. Lockhart*, 37 F.3d 1265, 1270 (8th Cir. 1994).

Dated this 31st day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE